IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.**, | * | |
| | * | |
| Plaintiff, | | |
| v. | * | Case No.: GJH-18-2929 |
| **K B H, LLC.**, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In this action, Plaintiff Choice Hotels International, Inc. ("Plaintiff" or "Choice") seeks to confirm an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9 and 13, against Defendants Kazi Hossain, MD Khalequzzaman and K B H, LLC. ECF No. 1. Pursuant to Fed. R. Civ. P. 55(b), Choice has filed a Motion for Default Judgment with a supporting affidavit. ECF No. 7. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Default Judgment will be granted.

**I.    BACKGROUND**

Choice is a "publicly-traded company incorporated under the laws of the State of Delaware, with principal headquarters in Rockville, Maryland." ECF No. 1 ¶ 1.[1] Choice is "primarily in the business of franchising hotels domestically and internationally . . . including but not limited to the trade and brand marks, names and systems associated with Quality Inn®." *Id.* Defendant K B H, LLC is a Kansas corporation with no place of business in either Maryland or

---

[1] These facts are taken from Plaintiff's Application to Confirm Arbitration Award, ECF No. 1, and Plaintiff's Motion for Judgment by Default, ECF No. 7.

Delaware. *Id.* ¶ 2. Defendants Kazi Hossain and MD Khalequzzaman own Defendant K B H, LLC. *Id.* Kazi Hossain is domiciled in Colorado and is neither employed nor resides in Maryland or Delaware. *Id.* ¶ 3. MD Khalequzzaman is domiciled in Virginia and is neither employed nor resides in Maryland or Delaware. *Id.* ¶ 4.

On June 30, 2015, Choice entered into a Franchise Agreement in Maryland with Defendants through which Choice granted Defendants a license to operate a hotel in Dodge City, Kansas. *Id.* ¶ 5. The Franchise Agreement required Defendants to pay in a timely manner, time being of the essence, specified monthly Royalty Fees, and Marketing/Reservation/System Fees calculated as a fixed percentage of the preceding month's Gross Room Revenues. *Id.* ¶ 6.

Defendants fell behind on required monthly fee payments. *Id.* ¶ 7. Accordingly, on April 4, 2016, Plaintiff sent Defendants a written Notice of Default, advising that Defendants were currently in default of material obligations arising under the payment provisions of the Franchise Agreement and providing Defendants with 10 days to cure the default. *Id.* Plaintiff advised Defendants that if the default was not cured by the deadline, the Franchise Agreement would be terminated pursuant to §10(b)(l)(a) and that Defendants would be liable to Plaintiff for damages, including liquidated damages in accordance with §10(d)(2) of the Franchise Agreement. *Id.*

Defendants did not pay the contractually specified fees, interest, or liquidated damages to Plaintiff. *Id.* ¶ 9. Accordingly, Plaintiff initiated arbitration proceedings with the American Arbitration Association against Defendants on or about December 19, 2017, pursuant to the arbitration clause of the parties' Franchise Agreement (the "Arbitration Agreement"). *Id.* The Arbitration Agreement states in relevant part that "any controversy or claim arising out of or relating to this Agreement . . . will be sent to final and binding arbitration before . . . the American Arbitration Association . . ." *Id.*; ECF No. 1-3 ¶ 21. The parties also agreed that "[i]f

any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear." ECF No. 1-3 ¶ 21. Further the arbitration clause states that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." *Id.*

Arbitration proceedings were scheduled for May 24, 2018. *See* ECF No. 1 ¶ 12; ECF No. 1-4 at 1. Plaintiff sent notice of the proceedings to Defendants "by regular mail, certified mail and/or overnight FedEx delivery." ECF No. 1 ¶ 11. Nonetheless, Defendant failed to appear or participate during the arbitration proceeding. *Id.* The arbitrator found that "due notice was provided to all parties" and entered an award in Choice's favor against Defendants in the amount of $129,962.05. ECF No. 1-4 at 1. The Arbitrator also ordered Defendants to reimburse Choice for $4,935.00 of "administrative fees and expenses." *Id.* at 2.

Choice Hotels filed an "Application to Confirm Arbitration Award" in this Court on September 21, 2018. ECF No. 1. The Arbitrator's ex parte award, signed by Patricia Horen Latham of the American Arbitration Association on June 6, 2018, is attached to the Application. ECF No. 1-4. Defendants K B H, LLC and Kazi Hossain were served with summonses and copies of the application to confirm arbitration award on October 3, 2018. ECF No. 7 ¶ 1. Defendant MD Khalequzzaman was served with summonses and a copy of the application to confirm arbitration award on October 29, 2018. ECF No. 7 ¶ 2. The Clerk made an entry of default for want of answer against Defendants on May 20, 2019. ECF Nos. 9, 10. Choice Hotels now requests that the Court issue judgment by default against Defendants. ECF No. 7.

## II.     DISCUSSION

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Choice Hotels Intern., Inc. v.*

*Savannah Shakti Corp.*, DKC-11-0438, 2011 WL 5118328 at * 2 (D. Md. Oct. 25, 2011) (citing *Dow v. Jones*, 232 F.Supp. 2d 491, 494 (D. Md. 2002)). When a motion for default judgment is based on an arbitration award, the plaintiff "must show that it is entitled to confirmation of the award as a matter of law." *Id.* (citations and internal quotation marks omitted).

Under the Federal Arbitration Act, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . ." 9 U.S.C. § 9. The Court must confirm the award unless it vacates, modifies, or corrects the award under 9 U.S.C. §§ 10 or 11. *Id.* "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). The situations permitting a court to vacate an arbitration award are found at 9 U.S.C. § 10(a), which provides:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

"The exceptions to confirmation of awards are strictly limited to avoid frustrating the fundamental purpose of arbitration, *i.e.,* quick dispute resolution and avoidance of the expense and

delay of court proceedings." *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D. Md. 1992) (citations omitted). In essence, the Court's role in reviewing an arbitrator's decision is "to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Securities, LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (citations and internal quotation marks omitted).

Here, Choice Hotels' claims were properly before the American Arbitration Association under the arbitration clause of the parties' Franchise Agreement. *See* ECF No. 1-4. Despite duly and properly notifying Defendants of the arbitration proceedings, Defendants failed to appear or participate during any proceeding. ECF No. 1-4 at 1. In accordance with the parties' Arbitration Agreement and American Arbitration Association Commercial Rule 31, arbitration may proceed without a party who receives due notice but fails to participate. ECF No. 1-4 at 1; ECF No. 1 ¶ 12. The Arbitrator determined that Defendant had been duly notified and proceeded with the hearing in his absence. ECF No. 1-4 at 1. The Arbitrator determined that Defendant had breached the parties' Franchise Agreement and awarded Plaintiffs a judgment against Defendants in the amount of $134,897.05. ECF No. 1 ¶ 14.

The Court finds no reason in the record to question the validity of the Franchise Agreement or the conduct of the Arbitrator. *See Choice Hotels Int'l, Inc. v. Bhupinder Mander*, No. GJH-14-3159, 2015 WL 1880277, at *4 (D. Md. Apr. 22, 2015). Further, the parties agreed that "[i]f any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear." ECF No. 1-1. The parties also agreed that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." *Id*.

## III. CONCLUSION

For the reasons explained above, Plaintiff's Request for Judgment by Default, ECF No. 7, will be granted. Judgment by default is entered in favor of Plaintiff Choice Hotels and against Defendants in the amount of $135,297.05, representing the Arbitrator's award of $129,962.05, administrative fees and expenses totaling $4,935.00, and costs of this action totaling $400.00. ECF No. 1.[2] A separate Order shall issue.

Dated: May 22, 2019                                            /s/_____
                                                                                George J. Hazel
                                                                                United States District Judge

---

[2] In contrast to this Court's decision in *Choice Hotels Int'l, Inc. v. Bhupinder Mander*, No. GJH-14-3159, 2015 WL 1880277, at *4 (D. Md. Apr. 22, 2015), Choice Hotels requested "costs of the action" in their original Application to Confirm Arbitration Award, ECF No. 1 at 2. Therefore, the default judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).